## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GENE C. SCHAERR
17502 Bowie Mill Rd.
Rockville, MD 20855,

                 Plaintiff,

     v.

UNITED STATES DEPARTMENT OF
JUSTICE,
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

                 Defendant.

**COMPLAINT**

22-cv-1520

## Introduction

1.    This Freedom of Information Act (FOIA) suit seeks records from Defendant the United States Department of Justice (DOJ). *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer questions of national significance regarding the circumstances surrounding the counterintelligence investigation into Carter Page and other individuals who supported the election of President Donald J. Trump.

2.    To answer these pressing questions more fully, Plaintiff Gene Schaerr sent parallel FOIA requests to the Federal Bureau of Investigation (FBI) and the DOJ National Security Division (NSD) on or about April 11, 2019. But other than two letters directing him to a few publicly available records, Plaintiff has not received a substantive response from the FBI as required by law, and has received no

substantive response whatsoever from the NSD. Plaintiff brings suit to compel a full response.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

4.      Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

5.      Plaintiff Gene Schaerr is a Washington D.C. attorney who also serves as general counsel of the Project for Privacy and Surveillance Accountability, a non-profit organization dedicated to protecting Americans' privacy vis-à-vis government surveillance. In that role, Mr. Schaerr works to hold U.S. surveillance agencies accountable for their actions in surveilling Americans.

6.      As an executive department, Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f), and has possession, custody, and control of records to which Plaintiff seeks access. Additionally, the FBI is an agency within DOJ and has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

7.      FOIA requires federal agencies, including Defendant, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3);

*see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory

exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C.

§ 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

**Federal Bureau of Investigation**

8.     Plaintiff submitted a FOIA request to the FBI by letter dated April 11,

2019, attached to this complaint as Exhibit A. The letter requested the following:

1. **All documents and communications originally shared with the Gang of Eight in May 2018 related to the investigation into Russian interference in the 2016 election.**

2. **The "Woods file" related to the application for (and subsequent renewals of) a FISA order authorizing surveillance on Carter Page. The term ["]Woods file" includes, but is not limited to, any document concerning or relating to any attempt to verify the accuracy of any alleged facts stated in the FISA applications for Mr. Page.**

3. **All documents and communications referring or relating to efforts to verify the contents of the "Steele dossier." The term "Steele dossier" includes, but is no limited to, a series of intelligence reports prepared by Christopher Steele that were transmitted to, among others, the D[OJ].**

4. **All documents and communications referring or relating to the role or extent to which the Steele Dossier factored into the Carter Page FISA application.**

5. **All documents and communications referring or relating to Christopher Steele's contacts with members of the media and the reliability of the information provided, directly or indirectly, by Christopher Steele.**

6. **All documents and communications that govern the procedures, standards, rules, regulations, or policies that the D[OJ], including the Federal Bureau of Investigation, must follow in seeking a FISA warrant from the FISC.**

7. **All documents and communications with the FISC referring or relating to any FISA applications associated with Carter Page or**

**other individuals on or associated with Donald Trump's 2016 presidential campaign.**

8. **All FD-302s for Bruce Ohr and any other individual at the D[OJ], the FBI, or elsewhere in the federal government who received information from individuals outside the D[OJ] or the FBI that was used in the Carter Page FISA applications.**

9. **All documents and communications referring or relating to defensive briefings provided—or that were under consideration to be provided—to the presidential campaigns of Hillary Clinton, Donald Trump, or any other 2016 presidential candidate.**

9. By letter dated January 25, 2022 (Exhibit B), the FBI notified Plaintiff that it was closing his request for the Woods file for Carter Page, apparently in reference to Item 2 of Plaintiff's April 11, 2019 letter. The FBI purported to deny that sub-request, which it assigned FOIPA Request Number 1440257-000, under FOIA Exemptions 1, 3, 5, 6, 7(C), and 7(E).

10. Plaintiff timely appealed this response on April 25, 2022. (Exhibit C). By letter dated April 26, 2022, DOJ acknowledged receipt of that appeal on April 25, 2022. (Exhibit D). Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), which require the DOJ to respond to an appeal within twenty business days, Plaintiff has exhausted the applicable administrative remedies as to Item 2 of his request.

11. By letter dated April 7, 2022 (Exhibit E), the FBI directed Plaintiff to its electronic FOIA library for documents responsive to his request for "[a]ll records relating to efforts to verify the 'Steele dossier,'" apparently in reference to Item 3 of Plaintiff's April 11, 2019 letter. The FBI indicated that it might possess additional records responsive to that sub-request, which it assigned FOIPA Request Number

1440261-000, and indicated that it could conduct a search of its Central Records System indices if so requested.

12.     By email dated May 26, 2022 (Exhibit F), Plaintiff's counsel requested that the FBI continue to search for and produce all responsive records, including by conducting a search of its Central Records System indices.

13.     By letter dated April 7, 2022 (Exhibit G), the FBI directed Plaintiff to its electronic FOIA library for documents responsive to his request for "[a]ll records relating to Christopher Steele's media contacts and the reliability of information provided," apparently in reference to Item 5 of Plaintiff's April 11, 2019 letter. The FBI indicated that it might possess additional records responsive to that sub-request, which it assigned FOIPA Request Number 1440307-000, and indicated that it could conduct a search of its Central Records System indices if so requested.

14.     By email dated May 26, 2022 (Exhibit H), Plaintiff's counsel requested that the FBI continue to search for and produce all responsive records, including by conducting a search of its Central Records System indices.

15.     As of the date of this complaint DOJ, including its component the FBI, has failed to produce any requested records other than those publicly available records mentioned in its two April 7, 2022 letters; further, neither the DOJ nor the FBI has demonstrated on appeal, that any withheld records are lawfully exempt from production.

16.     Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but DOJ has wrongfully withheld them.

**National Security Division**

17.     Plaintiff submitted a FOIA request to the NSD by letter dated April 11,

2019, attached to this complaint as Exhibit I. The letter requested the following:

1. **All documents and communications originally shared with the Gang of Eight in May 2018 related to the investigation into Russian interference in the 2016 election.**

2. **The "Woods file" related to the application for (and subsequent renewals of) a FISA order authorizing surveillance on Carter Page. The term ["]Woods file" includes, but is not limited to, any document concerning or relating to any attempt to verify the accuracy of any alleged facts stated in the FISA applications for Mr. Page.**

3. **All documents and communications referring or relating to efforts to verify the contents of the "Steele dossier." The term "Steele dossier" includes, but is no limited to, a series of intelligence reports prepared by Christopher Steele that were transmitted to, among others, the D[OJ].**

4. **All documents and communications referring or relating to the role or extent to which the Steele Dossier factored into the Carter Page FISA application.**

5. **All documents and communications referring or relating to Christopher Steele's contacts with members of the media and the reliability of the information provided, directly or indirectly, by Christopher Steele.**

6. **All documents and communications that govern the procedures, standards, rules, regulations, or policies that the D[OJ], including the Federal Bureau of Investigation, must follow in seeking a FISA warrant from the FISC.**

7. **All documents and communications with the FISC referring or relating to any FISA applications associated with Carter Page or other individuals on or associated with Donald Trump's 2016 presidential campaign.**

8. **All FD-302s for Bruce Ohr and any other individual at the D[OJ], the FBI, or elsewhere in the federal government who received information from individuals outside the D[OJ] or the FBI that was used in the Carter Page FISA applications.**

**9. All documents and communications referring or relating to defensive briefings provided—or that were under consideration to be provided—to the presidential campaigns of Hillary Clinton, Donald Trump, or any other 2016 presidential candidate.**

18.     As of the date of this complaint, neither the DOJ nor the NSD as its component has: (i) produced the requested records or demonstrated that the requested records are lawfully exempt from production; (ii) notified Plaintiff of the scope of any responsive records the DOJ intends to produce or withhold and the reasons for any withholdings; or (iii) informed Plaintiff that he may appeal any adequately specific adverse determinations.

19.     Although more than thirty business days have passed since the NSD received Plaintiff's FOIA request, neither the DOJ nor the NSD has notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552 (a)(6)(A) and 5 U.S.C. § 552 (a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

20.     Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the DOJ has wrongfully withheld them.

## Count One: Freedom of Information Act

### Defendant is required to disclose all non-exempt records responsive to Plaintiff's Freedom of Information Act requests

35.     Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

36.     DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

37.     By two letters dated April 11, 2019, Plaintiff submitted two FOIA request to DOJ through the FBI and NSD as its components.

38.     To date, DOJ has failed to conduct a search reasonably likely to locate responsive records.

39.     Plaintiff has exhausted his administrative remedies, having submitted an administrative appeal of the FBI's denial of Item 2 of his request, which the DOJ has failed to resolve within twenty business days.

40.     The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

41.     Defendant's failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA, 28 C.F.R. § 16.1, *et seq.*

42.     Plaintiff is entitled to receive all responsive non-exempt records from Defendant forthwith.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Order Defendant to conduct searches immediately for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B. Order Defendant to produce, by dates certain, any and all non-exempt records to Plaintiff's FOIA requests, and *Vaughn* indices of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

D. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Gene C. Schaerr
GENE C. SCHAERR (D.C. Bar No. 416368)
    *Counsel of Record*
SCOTT GOODWIN (D.C. Bar No. 1742881)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Counsel for Plaintiff*

9